**FILED**
JUL 22 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-175 |
| | ) | UNDER SEAL |
| DEVIN MONTGOMERY | ) | |
| BRANDON BENSON | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 1 | Malicious Destruction or Damage By Fire of Vehicle of Organization Receiving Federal Financial Assistance On May 30, 2020 | 18 U.S.C. § 844(f)(1) | MONTGOMERY |
| 2 | Bank Burglary On May 30, 2020 | 18 U.S.C. §§ 2 and 2113(a) | MONTGOMERY BENSON |

## II. ELEMENTS OF THE OFFENSES

**A.    As to Count 1:**

In order for the crime of Malicious Destruction or Damage By Fire of Vehicle of Organization Receiving Federal Financial Assistance, in violation of 18 U.S.C. § 844(f)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     The defendant set fire to a vehicle, or attempted to set fire to a vehicle, in order to damage or destroy that vehicle.

2.     The defendant acted maliciously.

3.     The vehicle was in whole or in part owned or possessed by, or leased to, an organization receiving Federal financial assistance.

> Authorities: 18 U.S.C. 844(f)(1); United States v. Heredia-Ortiz, 530 F.Supp.2d 416, 418 (D. Puerto Rico 2007); United States v. McKinnon, 281 F.Supp.2d 1146, 1148 (N.D. Cal. 2003).

**B.     As to Count 2:**

In order for the crime of Bank Burglary, in violation of Title 18, United States Code, Sections 2 and 2113(a)(second paragraph), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     The defendant entered, or attempted to enter a bank, or a building used in whole or in part as a bank.

2.     At the time the defendant entered or attempted to make entry, the defendant intended to commit a felony affecting such bank, or any larceny, in violation of federal law.

3.     The deposits of the bank were at that time insured by the Federal Deposit Insurance Corporation.

> Authorities: 18 U.S.C. § 2113(a) (second paragraph); Jerome v. United States, 318 U.S. 101 (1943); United States v. Urrutia, 897 F.2d 430 (9th Cir. 1990); United States v. Jones, 993 F.2d 58 (5th Cir. 1993).

## III. PENALTIES

**A.     As to Count 1: Malicious Destruction or Damage By Fire of Vehicle of Organization Receiving Federal Financial Assistance (18 U.S.C. § 844(f)(1)):**

1.     The maximum penalties for individuals are:

    (a)    imprisonment for not less than five (5) years, but not more than twenty (20) years (18 U.S.C. § 844(f)(1));

    (b)    a fine not more than $250,000 (18 U.S.C. § 3571(d));

    (c)    a term of supervised release of not more than three (3) years (18 U.S.C. § 3583); and

    (d)    Any or all of the above.

**B.**    **As to Count 2: Bank Burglary (18 U.S.C. §§ 2 and 2113(a) (second paragraph)):**

    1.    The maximum penalties for individuals are:

    (a)    imprisonment for not more than twenty (20) years (18 U.S.C. § 2113(a));

    (b)    a fine not more than $250,000 (18 U.S.C. § 3571(d));

    (c)    a term of supervised release of not more than three (3) years (18 U.S.C. § 3583); and

    (d)    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed upon conviction as to each count, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. <u>FORFEITURE</u>

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Shaun E. Sweeney*
SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568